IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00411-BNB

ARNOLD A. CARY,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, State of Colorado,
RICK RAEMISCH, Executive Director, CDOC,
JAMES FALK, Warden, SCT,
MAURICE FAUVEL, D.O., SCT, Physician,
KERI MCKAY, P.A., SCF, Physician Assistant,
KELSEY PRUSHA, R.N., SCF, Registered Nurse,
KEVIN VORWALD, Captain, SCF,
LT. PAGE, Lieutenant, SCF,
LT. MOON, Lieutenant, SCF,
LT. LUECK, Case Manager, SCF, and
LT. HERREA, Case Manager, SCF,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Arnold A. Cary, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the correctional facility in Sterling, Colorado. Mr. Cary, acting *pro se*, filed a fifty-three-page Prisoner Complaint (ECF No. 1), including thirty-two pages of exhibits, pursuant to 42 U.S.C. § 1983. He also has submitted a supplement (ECF No. 5) to the complaint asserting additional claims. He has paid the $400.00 filing fee.

    On February 14, 2014, the Court ordered Mr. Cary to cure certain deficiencies in the case, including to provide a copy of or a citation to the docket number for the order

in *Cary v. Tessier*, No. 12-cv-2072-RM-KLM (D. Colo. filed Aug. 6, 2012), in which he allegedly was ordered to file a separate action. He has failed to do so.

The Court must construe the Prisoner Complaint liberally because Mr. Cary is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). For the reasons stated below, Mr. Cary will be ordered to file an amended Prisoner Complaint.

Mr. Cary alleges that the conditions of his confinement at the Sterling Correctional Facility violate his right to be free of cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He contends he "was ordered by this Court to file a separate action describing the conditions of his confinement other than he previous [sic] cited in the Civil Action No. 12-cv-02072-RM-KLM." ECF No. 1 at 5. He also asks the Court's "patience because there is a fine line between these two cases." *Id.*

Actually, the Court finds that Mr. Cary is asserting in the instant action claims he

2

previously asserted in No. 12-cv-02072-RM-KLM.  In the instant action, as well as in No. 12-cv-02072-RM-KLM, Mr. Cary generally asserts that while incarcerated in the DOC, and under the direction and control of Defendants, he has been denied appropriate medical care for health problems that have developed as a result of his exposure to waterborne toxicological hazards.  ECF No. 1 at 11; *see also* ECF No. 64 at 3 in No. 12-cv-02072-RM-KLM.  He alleges that he has sought medical care for his conditions for the past 12 months at the Sterling Correctional Facility, and Defendants continue to be indifferent to his serious medical needs.  ECF No. 1 at 11; *see also* ECF No. 64 at 3 in No. 12-cv-02072-RM-KLM, in which he alleges "he has sought care for his conditions for the past eighteen months."

His first Eighth Amendment claim in the instant action does not appear to be a claim at all but rather background information on the alleged contamination of the prison's drinking water.  His second Eighth Amendment claim reasserts claims previously asserted in No. 12-cv-02072-RM-KLM and summarized in the pending Recommendation of United States Magistrate Judge of February 4, 2014, filed nine days before Mr. Cary initiated the instant action:

> Plaintiff asserts that he is ill from low dose radiation, carcinogenic chemical, and heavy metal exposure and that he is demonstrating the following symptoms and ailments. [ECF No. 21 (second and final amended complaint)] at 16. First, he states that his blood tests demonstrate an iron and vitamin B12 deficiency which causes a "complex neurological syndrome" resulting in difficulty with balance. *Id.*  Plaintiff receives intramuscular injections of 100 mg of vitamin B12 every other week for this issue and was informed by medical personal that these injections will have to be continued for the rest of his life.  *Id.*
>
> Second, Plaintiff states that he has developed lumbar spinal

stenosis, a nervous disorder, and that he is showing signs of cervical spondylosis, which stems from chronic cervical disk degeneration. [ECF No. 21 (second and final amended complaint) at 16]. He asserts that this causes tingling in his hands and arms due to nerve root compression caused by lateral herniation of the disk intruding on the nerve roots. *Id.* A physician at Saint Thomas More Hospital ordered an MRI for this issue on March 3, 2012, but the MRI was later denied by "CDOC Colorado Springs," which decision was sustained by the CTCF Health Services Administrator, Defendant Tessier. *Id.*

Third, on September 25, 2012, Plaintiff became ill, "gushing massive amounts of blood from his rectum," which manifested into an acute lower gastrointestinal blood loss from his colon. *Id.* As a result, Plaintiff was hospitalized in the intensive care unit at Saint Thomas More Hospital. *Id.* A diagnostic colonoscopy imaging test was performed, and Plaintiff received a blood transfusion. *Id.*

Fourth, on November 20, 2012, Plaintiff experienced additional gastrointestinal problems. *Id.* He was admitted to the emergency room at Saint Thomas More Hospital with acute abdominal pain in his epigastrium. *Id.* at 16-17. A CT scan and ultrasound indicated the presence of gallstones. *Id.* at 17. Plaintiff's gallbladder was removed, but unexpected complications arose, resulting in Plaintiff's transfer to Saint Mary Corwin Hospital in Pueblo, where additional gallstones were removed from his bile duct. *Id.*

Fifth, Plaintiff states that he has developed a kidney cyst and recently began discharging blood in his urine. *Id.* He states that this causes "extreme, daily abdominal pain." *Id.* He alleges that the cyst is documented in a CT scan. Id. Plaintiff blames "[e]nvironmental exposure to heavy metals" for his symptoms and kidney dysfunction. *Id.*

Sixth, Plaintiff suffers from a chronic fungal infection of the skin secondary to a primary infection in his lungs. *Id.* He states that he must medicate the area with anti-inflammatory steroidal preparation. *Id.*

Seventh, Plaintiff asserts that he has developed numerous hemangiomas secondary to liver damage. *Id.* He states that this became apparent when "several blood veins ruptured."

4

*Id.* He also alleges that "[p]rotuberant blood veins have developed on Plaintiff's scrotum, stomach, and inside the outer ear canal of both ears." *Id.*

Eighth, Plaintiff avers that a recent blood test revealed that his Thyroid-Stimulant-Hormone (TSM) level is abnormal, thus resulting in an increase of his hyperthyroidism. *Id.*

Ninth, Plaintiff asserts that a cyst has developed on the back of his neck, directly over the area of his herniated cervical disk. *Id.*

Tenth, Plaintiff states that he is experiencing muscular degeneration (atrophy) of his forearm muscles. *Id.* This "degeneration, decline, or wasting away of the muscles and organs results from nerve damage" and is allegedly a direct result of radiation exposure according to Jacqueline A. Nemer, M.D., whom Plaintiff states is an expert in environmental hazards. *Id.* at 17-18.

Eleventh, Plaintiff was previously incarcerated at Buena Vista Correctional Facility where he was forced to work for two weeks on an extensive remodeling project that the State of Colorado undertook at the facility. *Id.* at 18. While engaged in this work, he was allegedly exposed to airborne friable asbestos. *Id.* Plaintiff developed pneumonia, which damaged his lungs, resulting in a diagnosis of pulmonary fibrosis. His acute and chronic condition is aggravated by the inhalation of toxic substances such as radon gas, asbestos, fiberglass fibers, concrete dust, and black mold. *Id.* Plaintiff asserts that all of these toxic substances were encountered in Plaintiff's living situation in Cell House One of [Colorado Territorial Correctional Facility (CTCF)]. *Id.* These symptoms resulted in his obtaining round-the-clock oxygen therapy. *Id.* He also receives daily nebulizer treatments. *Id.* He states that both of these treatments will have to be continued for the rest of his life. *Id.*

Finally, Plaintiff asserts that he is also experiencing symptoms such as nausea, vomiting, weakness, exhaustion, and lassitude. Id. These symptoms occur in combination with "dehydration, anemia, and opportunistic injections." *Id.* Plaintiff states that his "prognosis is grim." *Id.* "His [underlying] condition, further potentiated by environmental radiation exposure, asbestos exposure, and other assaults

5

> on his respiratory system, are leading to a general collapse of his respiratory system." *Id.*

ECF No. 64 in No. 12-cv-02072-RM-KLM.  These are all allegations he re-raises in the instant action.  *See* ECF No. 1 at 13-16.  Claims in the Prisoner Complaint that do not appear to be repetitive include Mr. Cary's allegations that Defendant, Kelsey Prusha, R.N., denied him oxygen when his bottled were extremely low, a claim he raises in No. 12-cv-02072-RM-KLM against different defendants.  *See* ECF No. 64 in No. 12-cv-02072-RM-KLM at 6-7.  Another claim that does not appear to have been asserted in No. 12-cv-02072-RM-KLM is that on January 2, 2014, his lower extremities filled with fluid, swelling to twice their size, and he awaits a scheduled appointment with a cardiologist, which Defendant, Keri McKay, P.A., has informed him she is not sure will be approved by the DOC.  ECF No. 1 at 16.  He also appears to assert new claims in the supplement (ECF No. 5) he filed.

Mr. Cary may not re-assert in the instant action claims previously raised in No. No. 12-cv-02072-RM-KLM, and which are being addressed in that case.  He may only assert in this action claims not previously raised.

In addition, he must allege the personal participation of each named Defendant in the asserted claims.  Mr. Cary "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Mr. Cary should name as defendants in the amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Cary must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Cary may use fictitious names, such as "John or Jane Doe," if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr. Cary uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Cary will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Mr. Cary is warned that if the amended Prisoner Complaint he files fails to comply with the directives of this order and raises claims previously asserted in this

Court, the Court will dismiss the entire amended Prisoner Complaint.  Mr. Cary is further warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Mr. Cary seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims.

Accordingly, it is

ORDERED that Plaintiff, Arnold A. Cary, provide a copy of or a citation to the docket number for the order in *Cary v. Tessier*, No. 12-cv-2072-RM-KLM (D. Colo. filed Aug. 6, 2012), in which he allegedly was ordered to file a separate action.  It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Plaintiff file an amended Prisoner Complaint that complies with the directives of this order.   It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and the action will be dismissed without further notice.

DATED June 26, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge