IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00411-BNB

ARNOLD A. CARY,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, State of Colorado,
RICK RAEMISCH, Executive Director, CDOC,
JAMES FALK, Warden, SCF,
MAURICE FAUVEL, D.O., Physician, SCF,
KERI MCKAY, P.A., SCF, Physician Assistant,
KELSEY PRUSHA, R.N., Registered Nurse, SCF,
KEVIN VORWALD, Captain, SCF,
[UNKNOWN FIRST NAME] PAGE, Lieutenant, SCF,
[UNKNOWN FIRST NAME] MOON, Lieutenant, SCF,
[UNKNOWN FIRST NAME] LUECK, Case Manager, SCF, and
[UNKNOWN FIRST NAME] HERREA, Case Manager, SCF,

    Defendants.

ORDER DENYING EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER

    Plaintiff, Arnold A. Cary, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the correctional facility in Sterling, Colorado. On July 30, 2014, after being granted an extension of time, he submitted *pro se* an amended Prisoner Complaint (ECF No. 11). On September 4, 2014, Mr. Cary filed a motion titled "Emergency [Motion for] Temporary Restraining Order" (ECF No. 12).

    The Court must construe the emergency motion liberally because Mr. Cary is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the emergency motion will be construed liberally as a motion for a preliminary injunction and/or a temporary restraining order, and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. See Fed. R. Civ. P. 65(b).

"[T]the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Cary is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. See *id.* at 1209.

Mr. Cary alleges that he has developed extreme abdominal pain, a nervous system disorder, muscle atrophy in his arms, and is discharging blood from his rectum. These allegations are related to the claims already asserted in *Cary v. Tessier*, No. 12-

cv-2072-RM-KLM (D. Colo. filed Aug. 6, 2012), and summarized in the pending Recommendation of United States Magistrate Judge of February 4, 2014, in No. 12-cv-02072-RM-KLM.  In the order of June 26, 2014, for an amended Prisoner Complaint in the instant action, the Court specifically directed Mr. Cary not to reassert these allegations in the instant action.  See ECF No. 6 at 3-6.  Therefore, these allegations will not be addressed further.

Also in the emergency motion, Mr. Cary asserts that he has developed a protruding bulge in his heel, is experiencing lower-extremity edema in his legs and ankles, is accumulating fluid in his abdominal cavity, and suffers from chronic diarrhea.  The allegations of lower-extremity edema are asserted in the Prisoner Complaint Mr. Cary originally filed, see ECF No. 6 at 6, ECF No. 1 at 16, and reasserted in the amended Prisoner Complaint.  See ECF No. 11 at 17.  The allegations of lower-extremity edema in Plaintiff's legs and ankles also are asserted in the amended Prisoner Complaint.  See ECF No. 11 at 17.  So are allegations of the accumulation of fluid in Mr. Cary's abdomen, which he speculates "is secondary to liver disease which will develop into spontanous [sic] bacterial peritonitis."  ECF No. 11 at 16-17.

Mr. Cary fails to assert in either the original Prisoner Complaint or in the amended Prisoner Complaint that he suffers from chronic diarrhea.  No allegations concerning a protruding bulge in Mr. Cary's heel appear in the amended Prisoner Complaint.  However, Mr. Cary does allege in the emergency motion that Dr. Fauvel, D.O., who is named as a Defendant, examined him on August 20, 2014, and "did not see any significant problems with the previously mentioned health issues."  ECF No. 12 at 3 (referring to the health issues discussed above and listed in ECF No. 11 at 2-3,

which are the basis for the emergency motion).

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Cary "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Cary "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189 (emphasis in original). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Cary fails to demonstrate, clearly and unequivocally, that he is entitled to preliminary injunctive relief. In particular, Mr. Cary fails to allege specific facts that demonstrate he will suffer future injury that is irreparable if no preliminary injunction is issued. The preliminary injunctive relief he seeks with respect to the physical injury he contends he has suffered – a protruding bulge in his heel, lower-extremity edema in legs and ankles, accumulation of fluid in his abdominal cavity, and chronic diarrhea –

does not implicate injuries that are irreparable.  Mr. Cary fails to "show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *Heideman*, 348 F.3d at 1189.

Accordingly, it is

ORDERED that the motion titled "Emergency [Motion for] Temporary Restraining Order" (ECF No. 12) that Plaintiff, Arnold A. Cary, filed on September 4, 2014, and which the Court has construed liberally as a motion for a preliminary injunction and/or a temporary restraining order, is DENIED.

DATED at Denver, Colorado, this  9th  day of    September    , 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court