IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00411-LTB

ARNOLD A. CARY,

      Plaintiff,

v.

JOHN HICKENLOOPER, Governor, State of Colorado,
RICK RAEMISCH, Executive Director, CDOC,
JAMES FALK, Warden, SCF,
MAURICE FAUVEL, D.O., Physician, SCF,
KERI MCKAY, P.A., SCF, Physician Assistant,
KELSEY PRUSHA, R.N., Registered Nurse, SCF,
KEVIN VORWALD, Captain, SCF,
[UNKNOWN FIRST NAME] PAGE, Lieutenant, SCF,
[UNKNOWN FIRST NAME] MOON, Lieutenant, SCF,
[UNKNOWN FIRST NAME] LUECK, Case Manager, SCF, and
[UNKNOWN FIRST NAME] HERREA, Case Manager, SCF,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Arnold A. Cary, is a prisoner in the custody of the Colorado Department

of Corrections at the correctional facility in Sterling, Colorado.  He filed *pro se* on

October 2, 2014, an "Objection and Motion for Reconsideration" (ECF No. 14) asking

the Court to reconsider the order of September 9, 2014 (ECF No. 13), denying his

motion titled "Emergency [Motion for] Temporary Restraining Order" (ECF No. 12).  The

Court must construe the objection and motion liberally because Mr. Cary is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the

objection and motion will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In this case, a final judgment has not been entered against Mr. Cary. Instead, on September 9, 2014, the Court issued an interlocutory order denying his motion for a temporary restraining order. *See* ECF No. 13.

A motion to reconsider may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not an opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

In the September 9 order, the Court summarized the allegations in the motion for a temporary restraining order as follows:

> Mr. Cary alleges that he has developed extreme abdominal pain, a nervous system disorder, muscle atrophy in his arms, and is discharging blood from his rectum. These allegations are related to the claims already asserted in *Cary v. Tessier*, No. 12-cv-2072-RM-KLM (D. Colo. filed Aug. 6, 2012), and summarized in the pending Recommendation of United States Magistrate Judge of February 4, 2014, in No. 12-cv-02072-RM-KLM. In the order of June 26, 2014, for an amended Prisoner Complaint in the instant action, the Court specifically directed Mr. Cary not to reassert these allegations in the instant action. *See* ECF No. 6 at 3-6.

2

Therefore, these allegations will not be addressed further.

Also in the emergency motion, Mr. Cary asserts that he has developed a protruding bulge in his heel, is experiencing lower-extremity edema in his legs and ankles, is accumulating fluid in his abdominal cavity, and suffers from chronic diarrhea.  The allegations of lower-extremity edema are asserted in the Prisoner Complaint Mr. Cary originally filed, *see* ECF No. 6 at 6, ECF No. 1 at 16, and reasserted in the amended Prisoner Complaint.  *See* ECF No. 11 at 17. The allegations of lower-extremity edema in Plaintiff's legs and ankles also are asserted in the amended Prisoner Complaint.  *See* ECF No. 11 at 17.  So are allegations of the accumulation of fluid in Mr. Cary's abdomen, which he speculates "is secondary to liver disease which will develop into spontanous [sic] bacterial peritonitis."  ECF No. 11 at 16-17.

Mr. Cary fails to assert in either the original Prisoner Complaint or in the amended Prisoner Complaint that he suffers from chronic diarrhea.  No allegations concerning a protruding bulge in Mr. Cary's heel appear in the amended Prisoner Complaint.  However, Mr. Cary does allege in the emergency motion that Dr. Fauvel, D.O., who is named as a Defendant, examined him on August 20, 2014, and "did not see any significant problems with the previously mentioned health issues."  ECF No. 12 at 3 (referring to the health issues discussed above and listed in ECF No. 11 at 2-3, which are the basis for the emergency motion).

ECF No. 13 at 2-4.

The reasons the Court denied the motion for a temporary restraining order are discussed in detail in the September 9 order.  In the October 2 motion to reconsider, Mr. Cary has not offered any basis for the Court to reconsider the September 9 order. Instead, Mr. Cary advances new arguments – other than his claim of lower-extremity edema – not previously raised in the motion for a temporary restraining order. Specifically, Mr. Cary alleges as follows:

The plaintiff's health is progressively deteriorated.  The

medical staff providers (defendants) at Sterling Correctional Facility have taken a defense approach to the contamination, and the effects it has had on the plaintiff's health by totally avoiding the issues.  Plaintiff's bleeding is due to thrombocytopenial [sic] occurring in his skin, mucosal surface, and epistaxis.  A recent MRI revealed a [sic] enlargement in the plaintiff's liver.

Plaintiff is experiencing bone tenderness which is present, particularly in the sternum, tibia, and femur.  These symptoms are hallmark sign of leukemia, but SCF's medical refuses to consider this as a possible prognostic.  Assessment of lower extremity edema as it relates to peripheral arterial disease is important in the management of chronic venous insufficiency.

The extent of damage due to radiation exposure to the plaintiff depends on the quantity, and duration of radiation exposure, the organs exposed, the degree of disruption to DNA, metabolic and cellular function and underlying condition of the plaintiff.

Plaintiff needs medical intervention to his acute radiation exposure, medical care includes close monitoring of the gastrointestinal, cutaneous, hematologic, and cerebrovascular systems.

Radiation exposure results in early and delayed effects.  Early effects involve damage of the rapidly dividing cells (ie, the mucosa, skin, and bone marrow).  Delayed effects include malignancy reproduction abnormalities, liver, kidneys, central nervous system dysfunction.  Plaintiff has documents medical records showing these effects as they have occurred.

. . . .

The judge's denial of plaintiff's TRO motion base [sic] on the evidence in exhibit constitute [sic] clear error, and show [sic] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 prejudice to the plaintiff's legal claims.  The plaintiff objects to the finds of the court and respectfully ask [sic] the court to reconsider all of plaintiff's medical records, and allow a [sic] environmental medical expert to evaluate and a [sic] unbiased opinion, determining plaintiff's condition.

ECF No. 14 at 3-4.

Mr. Cary does not seek reconsideration of the denial of his motion for a temporary restraining order.  Instead, he seeks an opportunity to update the Court on what he believes is his deteriorating physical condition and the medical treatment he thinks he needs.  After review of the motion and the entire file, the Court finds that Mr. Cary fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Therefore, the motion to reconsider will be denied.

Mr. Cary is delaying the Court's review of the amended Prisoner Complaint he filed by his two attempts – i.e., (1) the motion for temporary restraining order and (2) motion for reconsideration of the order denying the motion for temporary restraining order – to obtain injunctive relief in this lawsuit.  In neither attempt has he alleged facts that demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).  Mr. Cary is directed to refrain from filing any other motions seeking a temporary restraining order that do not allege facts demonstrating immediate and irreparable injury.

Accordingly, it is

ORDERED that the "Objection and Motion for Reconsideration" (ECF No. 14) that Plaintiff, Arnold A. Cary, filed on October 2, 2014, asking the Court to reconsider the order of September 9, 2014 (ECF No. 13), denying his motion titled "Emergency [Motion for] Temporary Restraining Order" (ECF No. 12), is denied.  It is

FURTHER ORDERED that Mr. Cary refrain from filing any other motions seeking

5

a temporary restraining order that do not allege facts demonstrating immediate and

irreparable injury.

DATED at Denver, Colorado, this __13th__ day of __November__, 2014.

BY THE COURT:


_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court