IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00411-GPG

ARNOLD A. CARY,

     Plaintiff,

v.

JOHN HICKENLOOPER, Governor, State of Colorado,
RICK RAEMISCH, Executive Director, CDOC,
JAMES FALK, Warden, SCF,
MAURICE FAUVEL, D.O., Physician, SCF,
KERI MCKAY, P.A., SCF, Physician Assistant,
KELSEY PRUSHA, also known as Kelsey Dillinger, R.N., Registered Nurse, SCF,
KEVIN VORWALD, Captain, SCF,
[UNKNOWN FIRST NAME] PAGE, Lieutenant, SCF,
[UNKNOWN FIRST NAME] MOON, Lieutenant, SCF,
[UNKNOWN FIRST NAME] LUECK, Case Manager, SCF, and
[UNKNOWN FIRST NAME] HERREA, Case Manager, SCF,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A PRESIDING JUDGE AND A MAGISTRATE JUDGE

---

Plaintiff, Arnold A. Cary, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling,

Colorado.  Mr. Cary initiated this action by filing *pro se* pursuant to 42 U.S.C. § 1983 a

fifty-three-page Prisoner Complaint (ECF No. 1) including thirty-two pages of exhibits.

He also submitted a supplement (ECF No. 5) to the complaint.  Mr. Cary has paid the

$400.00 filing fee.

On June 26, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No.

6) directing Mr. Cary to file an amended Prisoner Complaint within thirty days because

the Prisoner Complaint re-raised claims he previously asserted in *Cary v. Tessier*, No. 12-cv-02072-RM-KLM (D. Colo. filed Aug. 6, 2012), which currently is pending before the Court.  The June 26 order directed Mr. Cary to allege in the amended Prisoner Complaint only claims not previously raised and the personal participation of each named Defendant, and to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

On July 30, 2014, Mr. Cary filed an amended Prisoner Complaint (ECF No. 11) in which he asks for money damages and declaratory and injunctive relief.  On September 9, 2014, he filed a motion for an emergency temporary restraining order (ECF No. 12), which the Court denied on September 9, 2014 (ECF No. 13), and on October 2, 2014, filed a motion (ECF No. 14) seeking reconsideration of the September 9 order, which the Court denied on November 13, 2014.  On October 29, 2014, he filed a supplement (ECF No. 15) to the amended complaint, making additional allegations concerning his medical condition and treatment, and noting that the name of Defendant, Kelsey Prusha, has been changed to Kelsey Dillinger.  Ms. Prusha's alias has been added to the caption of this order

The Court must construe liberally the amended Prisoner Complaint, as supplemented, because Mr. Cary is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review the amended Prisoner Complaint, as supplemented, because Mr. Cary is a prisoner and he is seeking redress

from officers or employees of a governmental entity.  Section 1915A(b) requires

dismissal of the amended Prisoner Complaint, or any portion of the amended Prisoner

Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts

the violation of a legal interest that clearly does not exist or asserts facts that do not

support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the

reasons stated below, the Court will dismiss in part the amended Prisoner Complaint, as

supplemented, as legally frivolous pursuant to § 1915A(b).

Mr. Cary asserts three claims, two of which assert cruel and unusual punishment

under the Eighth Amendment and the third of which asserts a violation of access to the

courts.  He contends Defendants are deliberately indifferent to the hazardous conditions

to which he is being exposed, including exposure to uranium and trihalomethane, which

have negatively affected his health and rendered him permanently disabled (claim one);

medical personnel are deliberately indifferent to his serious medical needs (claim two);

and Defendants' fraudulent concealment of the nature of the toxic conditions to which

he is being exposed has deprived him of access to the courts (claim three).

In support of his first claim that Defendants are deliberately indifferent to the

hazardous conditions to which he is being exposed, Mr. Cary specifically alleges that a

2008 notice prompted by the Colorado Department of Health and Environment and

issued by former Governor Bill Ritter, Jr., alerted customers of the Sterling Public Water

System of uranium and trihalomethane found in Sterling's drinking water, but not

prisoners in the Sterling Correctional Facility.  He further alleges that in 2013, an

amendment to the former Governor Ritter's notice was issued by Defendant, Governor

John Hickenlooper.  He asserts that on August 22, 2013, Defendant, Captain Kevin

Vorwald, delivered a notice or memorandum to him and the Sterling prison population,

informing them that (1) the water used by inmates for drinking, preparing food, and

hygiene is contaminated with uranium; (2) people who drink Sterling's water have an

increased risk of cancer and kidney toxicity; and (3) inmates should seek advice from

the prison medical staff.  The notice was signed by Defendants, Rick Raemisch, DOC

executive director, and Warden James Falk and, according to Plaintiff, represents that it

came from the governor's office and was approved by Governor Hickenlooper.  He

complains that, instead of providing Plaintiff and the Sterling prison population with

alternative drinking water from a non-contaminated source, Warden Falk knowingly

provided Plaintiff with toxic water and told prisoners it was not contaminated and safe to

consume.  He further alleges that Defendants, Lieutenant Page, Mr. Lueck, Lieutenant

Moon, and Mr. Herrea, told him there was nothing wrong with the prison drinking water.

This claim will be drawn to a presiding judge and a magistrate judge.

In support of his second claim that medical personnel are deliberately indifferent

to his serious medical needs, Mr. Cary alleges that he suffers symptoms of radiation

and toxic chemical exposure, including but not limited to abdominal pain and bloating,

mottled redness of the skin, weight loss, wasting of muscles, hardening of the skin,

edema in the ankles and legs, benign abdominal tumors, low blood oxygen levels, fluid

retention, testicular enlargement, a solid mass in his left testicle, back pain, and

coughing.  He contends he has sought medical care for his conditions for the past

twelve months, but Defendants, Dr. Maurice Fauvel, Keri McKay, and Kelsey Prusha,

have failed to follow orders from doctors at Saint Thomas More Hospital in Cañon City,

Colorado, and Denver Medical Health for a magnetic resonance imaging (MRI)

evaluation.  Mr. Cary further alleges that recently, after Dr. Fauvel conducted a medical

evaluation, he received an MRI and scrotal ultrasonography, and is awaiting the results

on both tests.  He also complains that Dr. Fauvel and Ms. McKay have treated his

ongoing illness with ineffective prescription medication.  This claim will be drawn to a

presiding judge and a magistrate judge.

As his third and final claim, Mr. Cary argues that Defendants' fraudulent

concealment of the nature of the toxic conditions to which he is being exposed

somehow deprived him of access to the courts.  The right of access to the courts

extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil

rights action regarding his current confinement or in an application for a writ of habeas

corpus.  *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d

613, 617 (10th Cir. 1995).  An inmate must satisfy the standing requirement of "actual

injury" by showing that the denial of legal resources hindered his efforts to pursue a

nonfrivolous claim.  *Lewis v. Casey*, 518 U.S. 343, 349-353 (1995).  "The Supreme

Court has never extended 'the Fourteenth Amendment due process claim based on

access to the courts . . . to apply further than protecting the ability of an inmate to

prepare a petition or a complaint.'"  *See Love v. Summit County*, 776 F.2d 908, 914

(10th Cir. 1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).  Mr. Cary fails

to assert any facts to support a claim of access to the courts.  Claim three will be

dismissed as legally frivolous.

Accordingly, it is

ORDERED that the clerk of the Court add to the docketing records for this case the alias Kelsey Dillinger, listed in the caption to the order, for Defendant, Kelsey Prusha.  It is

FURTHER ORDERED that claims one and two and this case shall be drawn to a presiding judge and, if appropriate, to a magistrate judge.  It is

FURTHER ORDERED that claim three is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b).

DATED at Denver, Colorado, this   20th   day of    November    , 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court