IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00411-PAB-NYW

ARNOLD A. CARY,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, Governor,
ROCK RAEMISCH, Executive Director,
JAMES FALK, Warden SCF,
MAURICE FAUVEL, D.O. Physician's Assistant,
KERI MCKAY, P.A., SCF Physician's Assistant,
KELSEY PRUSHA, also known as Kelsey Dellinger, R.N., SCF,
KEVIN VORWALD, Captain, SCF,
VIRGINIA PAGE, Lieutenant, SCF,
JASON MOON, Lieutenant, SCF,
JAMES LUECK, Case Manager, SCF, and,
JOSEPH HERRERA, Case Manager, SCF,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 75] filed on August 3, 2015.[1] The magistrate judge recommends that the State Defendants' Motion to Dismiss Complaint [Docket No. 35] and the Motion to Dismiss from Defendant Keri McKay [Docket No. 40] be granted, that plaintiff's amended complaint be dismissed in its

---

[1]The Court adopts the definitions set forth in the Recommendation. Docket No. 75 at 1-2 n.1.

entirety, and that the plaintiff's Supplemental Pleading [Docket No. 46] be stricken. Docket No. 75. Plaintiff filed a timely objection. Docket No. 77. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).[2]

Plaintiff objects to the Recommendation's conclusion that his claims seeking monetary damages against defendants in their official capacities are barred by the

---

[2]The facts of this case have been set forth elsewhere and will not be restated here except as relevant to resolving plaintiff's objection. *See* Docket No. 75 at 2-4.

2

Eleventh Amendment. Docket No. 77 at 3-4. Plaintiff appears to contend that the text of the Eleventh Amendment could be interpreted as permitting such claims. *Id.* The Court disagrees. It is well settled that the Eleventh Amendment deprives a court of subject matter jurisdiction over claims for retroactive money damages against defendants in their official capacities. *See Callahan v. Poppell*, 471 F.3d 1155, 1158-59 (10th Cir. 2006); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). This aspect of plaintiff's objection is overruled.

Plaintiff appears to object to the Recommendation's conclusion that he failed to state a claim that defendants violated the Eighth Amendment by exposing him to contaminated water. Docket No. 77 at 4-8. The Recommendation concluded that plaintiff's complaint failed to establish that Governor Hickenlooper, Executive Director Raemisch, Captain Vorwald, Lieutenant Herrera, and Lieutenant Page personally participated in the alleged constitutional violation. Docket No. 75 at 8-9. Plaintiff cites *Duffield v. Jackson*, 545 F.3d 1234 (10th Cir. 2008), in support of his argument that the "exhibit submitted within the complaint, links defendants." Docket No. 77 at 6. Plaintiff's objection is insufficiently specific to trigger de novo review and, moreover, is without merit. In *Duffield*, the Tenth Circuit upheld the dismissal of claims against defendant medical providers for failure to allege personal participation. *Id.* at 1239. *Duffield* does not therefore support plaintiff's argument. Plaintiff does not otherwise identify any particular aspect of his complaint or relevant exhibits that contradict the Recommendation's conclusion. Plaintiff's objection is therefore overruled.

The Recommendation concluded that plaintiff failed to allege that he was subject

to an objectively substantial risk of harm from contaminated water. Docket No. 75 at 10-11. Although plaintiff disagrees with the Recommendation's conclusion, plaintiff does not allege any particular error in the Recommendation's analysis of this element. Plaintiff argues that "Alternative Drinking Water" from the Four Mile Correctional Facility was contaminated, Docket No. 77 at 7, but does not explain or support his argument with citation to the amended complaint. Nonetheless, after review of what appear to be the relevant allegations, *see* Docket No. 11 at 10, ¶¶ 10-13, the Court finds no error in this aspect of the Recommendation.

The Recommendation concluded that plaintiff failed to allege the subjective element of his Eighth Amendment claim alleging exposure to contaminated drinking water. Docket No. 75 at 11-12. Plaintiff alleges that all defendants were informed of water contamination because he informed them verbally and through grievances, because Warden Falk's memorandum described the water conditions at SCF, and because plaintiff's complaint would have placed defendants on notice of such conditions. Docket No. 77 at 8. These facts, even if true, do not establish that defendants acted with the requisite mental state because, in addition to being aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the prison official must actually draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff fails to establish that the alleged risk was sufficiently obvious so as to conclude that defendants actually drew the requisite inference. *Id.* at 842. The Colorado Department of Corrections notification regarding SCF's drinking water states that short term exposure to low levels of uranium in drinking water is not associated with health effects, which undercuts plaintiff's position that defendants were

4

subjectively aware of an objectively serious risk.  *See* Docket No. 35-1.  Warden Falk's memo on the same subject similarly fails to evidence deliberate indifference.  Docket No. 35-2.  Plaintiff's conclusory allegations regarding defendants' knowledge and awareness are, for the reasons set forth in the Recommendation, insufficient to state a claim, *see* Docket No. 77 at 6, as are his arguments that "Sterling's current water report" establishes the requisite state of mind.  At best, plaintiff suggests that defendants were negligent, which is, in all cases, insufficient to establish an Eighth Amendment violation.  *Farmer*, 811 U.S. at 835.

Plaintiff also challenges the Recommendation's conclusion that he failed to state an Eighth Amendment violation for denial of appropriate medical care.  Docket No. 77 at 8-9.  Plaintiff's objection as to this aspect of the Recommendation is not, however, sufficiently specific to trigger de novo review.  Plaintiff argues that Ms. Dellinger refused to provide him with bottled oxygen and told him to drink plenty of water, but fails to explain why such conduct violates the Eighth Amendment.  *See id.* at 8.  Plaintiff argues that his "Ambulatory Health Records" establish Ms. Dellinger's personal involvement, but plaintiff does not directly explain what action or inaction he claims Ms. Dellinger took in violation of his rights.  *See id.*  Plaintiff's argument with respect to the objective element of this claim is conclusory and therefore without merit.  *Id.*  As to the subjective element, plaintiff argues that defendants acted with deliberate indifference by waiting for two years to order an MRI and that the MRI he received is inaccurate.  Docket No. 77 at 9.  This argument is not responsive to the Recommendation's conclusion on this issue and the Court otherwise finds no error in this aspect of the

Recommendation.  *See* Docket No. 75 at 16.

Plaintiff objects to the Recommendation's conclusion that his supplemental pleading should be stricken.  Docket No. 77 at 9.[3]  The magistrate struck the supplemental pleading as untimely due to the fact that plaintiff failed to seek leave to amend his complaint as required by Fed. R. Civ. P. 15(a)(2).  Docket No. 75 at 17.  The magistrate judge also concluded that the allegations in the supplemental pleading would not alter the result.  *Id.* at 17 n.8.  Plaintiff argues that the mailroom staff at SCF held the supplemental pleading for several days before mailing it to the court and that it contains relevant evidence.  Docket No. 77 at 9.

The Court finds no error in this aspect of the Recommendation.  Rule 15 provides that plaintiff may file an amended complaint as a matter of course 21 days after serving it or 21 days after service of a Rule 12(b) motion, whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Plaintiff's supplemental pleading was filed several months after the Rule 15(a)(1)a deadline passed; thus, the supplemental pleading would have been untimely even if it had not been delayed for a few days in the SFC mail room.  The allegations in the supplemental pleading generally allege that radiation exposure is detrimental, that plaintiff developed a mass in his scrotum in late 2014, and that the mass is "serious."  Such allegations, however, do not establish that defendants acted with the requisite mental state.  Docket No. 46 at 2-3.  The remainder of the supplemental pleading, which discusses plaintiff's radiology reports and recounts his

---

[3] Although it is not clear the Recommendation's conclusion on this issue is on a dispositive issue, *see* Fed. R. Civ. P. 72, the Court nonetheless reviews this aspect of the Recommendation de novo.

medical ailments, similarly fails to establish that Ms. McKay or Mr. Fauvel acted with deliberate indifference.  *See id.* at 3-4; Docket No. 46-1 at 1-4.  Thus, none of the allegations in the supplemental pleading call into question the Recommendation's conclusion that plaintiff failed to state a claim.

Plaintiff argues that he should be entitled to maintain his claim for punitive damages, Docket No. 77 at 9; however, plaintiff does not identify any facts – and none are apparent to the Court – that are contrary to the Recommendation's conclusion on this issue.

The Court has reviewed the remaining aspects of the Recommendation and is satisfied that no clear error exists on the face of the record.  *See Thomas*, 474 U.S. at 150.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 75] is **ACCEPTED**.  It is further

**ORDERED** that the State Defendants' Motion to Dismiss Complaint [Docket No. 35] and Motion to Dismiss from Defendant Keri McKay [Docket No. 40] are **GRANTED**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED September 14, 2015.

                        BY THE COURT:

                        s/Philip A. Brimmer
                        PHILIP A. BRIMMER
                        United States District Judge