IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00411-PAB-NYW

ARNOLD A. CARY,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, Governor,
RICK RAEMISCH, Executive Director,
JAMES FALK, Warden SCF,
MAURICE FAUVEL, D.O. Physician's Assistant,
KERI MCKAY, P.A., SCF Physician's Assistant,
KELSEY PRUSHA, also known as Kelsey Dellinger, R.N., SCF,
KEVIN VORWALD, Captain, SCF,
VIRGINIA PAGE, Lieutenant, SCF,
JASON MOON, Lieutenant, SCF,
JAMES LUECK, Case Manager, SCF, and,
JOSEPH HERRERA, Case Manager, SCF,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 75] filed on August 3, 2015 and the Court's September 14, 2015 order [Docket No. 85]. The magistrate judge recommended that the State Defendants' Motion to Dismiss Complaint [Docket No. 35] and the Motion to Dismiss from Defendant Keri McKay [Docket No. 40] be granted and, on that basis, recommended that plaintiff's amended complaint be dismissed in its entirety. Docket No. 75. However, defendants Jason Moon and James Lueck have not been served or entered an appearance in this action and did not join in either of the

motions to dismiss. *See* Docket Nos. 22, 32, 37, and 43. Thus, strictly speaking, the Recommendation did not explicitly or implicitly contemplate the dismissal of plaintiff's claims against all defendants, but only those claims asserted against defendants Hickenlooper, Raemisch, Falk, Fauvel, McKay, Prusha, Vorwald, Page, and Herrera. As a result, the Court's September 14, 2015 order will be amended to dismiss only those claims asserted against defendants Hickenlooper, Raemisch, Falk, Fauvel, McKay, Prusha, Vorwald, Page, and Herrera.

For the reasons stated in the Recommendation and the Court's September 14, 2015 order, the Court will sua sponte dismiss without prejudice plaintiff's Eighth Amendment claims against defendants Moon and Lueck in their official capacities. *See United States v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) ("a court may raise the issue of Eleventh-Amendment immunity sua sponte"); *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1 v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("dismissal on sovereign immunity grounds . . . must be without prejudice").

On July 30, 2014, plaintiff filed his amended complaint. Docket No. 11. On December 8, 2014, the legal services coordinator for the Colorado Department of Corrections ("CDOC") declined to waive service for defendants Moon and Lueck because they were no longer CDOC employees, but provided both defendants' last known addresses. Docket No. 25; Docket No. 23. The magistrate judge ordered the United States Marshals Service to serve defendant Moon and defendant Lueck at their last known addresses. Docket No. 22. On January 15, 2015, the United States Marshal filed a Process Receipt and Return, which indicates that the Marshal was unable to serve defendant Moon at the address provided. Docket No. 30. On January

26, 2015, the magistrate judge issued an order to show cause to plaintiff why the amended complaint should not be dismissed as to defendant Moon for failure to prosecute and a warning that, if no such showing is made, plaintiff's complaint as to defendant Moon would be dismissed without prejudice. Docket No. 32 at 1-2. On January 15, 2015, the United States Marshal filed a Process Receipt and Return which indicates that the Marshals Service was unable to serve defendant Lueck at the address provided. Docket No. 37. On February 25, 2015, plaintiff filed a response. Docket No. 43. Plaintiff states that he is making a good faith effort to locate defendant Moon, but does not otherwise indicate what that effort entails. *Id.* at 2.

The Federal Rules of Civil Procedure state:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).[1] Plaintiff was given ample time to serve defendant Moon, yet failed to do so. *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of [Rule 4(m) and] inadvertence or negligence alone do not constitute 'good cause' for failure of timely service"). Although plaintiff was given an opportunity to show cause why he failed to serve defendant Moon in the time provided, his response does not establish good cause for his failure to serve defendant Moon. *See Self v. Autoliv, ASP*, 61 F. App'x 583, 584 (10th Cir. 2003) ("The district court had

---

[1] Rule 4 was amended in 1993 and Rule 4(j) was recodified as Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

an obligation . . . to give [plaintiff] an opportunity to show why his action should not be dismissed."). The Court declines to afford an additional "permissive extension of time" as contemplated by Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995). Thus, the Court finds it appropriate to dismiss without prejudice plaintiff's claims against defendant Moon in his individual capacity. *See* Fed. R. Civ. P. 4(m).

The Court will afford plaintiff an opportunity to show cause why his claims against defendant Lueck should not be dismissed for the same reason.

Wherefore, it is

**ORDERED** that plaintiff's claims against defendants Moon and Lueck in their official capacities are **DISMISSED** without prejudice for lack of subject matter jurisdiction. It is further

**ORDERED** that plaintiff's claims against defendant Moon in his individual capacity are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m). It is further

**ORDERED** that, on or before October 15, 2015, plaintiff shall show cause why defendant Lueck should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

DATED September 15, 2015.

BY THE COURT:

s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge