IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00411-PAB-NYW

ARNOLD A. CARY,

    Plaintiff,

v.

JAMES LUECK, Case Manager, SCF,

    Defendant.

## ORDER

    This matter is before the Court sua sponte on its September 15, 2015 order [Docket No. 86] that plaintiff show cause why his claims against defendant Lueck should not be dismissed pursuant to Fed. R. Civ. P. 4(m).  Docket No. 86 at 4.

    This case was originally filed on February 13, 2014.  Docket No. 1.  Plaintiff filed his amended complaint on July 30, 2014, alleging civil rights violations under 42 U.S.C. § 1983 against several correctional officers and state officials.  Docket No. 11 at 3-5. With the exception of defendant Lueck in his individual capacity, plaintiff's claims against all other defendants named in the amended complaint were dismissed in the September 15, 2015 orders.  *See* Docket No. 86; Docket No. 87.

    On December 8, 2014, the legal services group leader for the Colorado Department of Corrections ("CDOC") declined to waive service for defendant Lueck because he was no longer a CDOC employee, but provided the last known address for

defendant. Docket No. 25; Docket No. 23. The magistrate judge ordered the United States Marshals Service to serve defendant Lueck at his last known addresses. Docket No. 22. On February 6, 2015, the United States Marshal filed a Process Receipt and Return which indicates that the Marshals Service was unable to serve defendant Lueck at the address provided. Docket No. 37. On September 15, 2015, the Court ordered plaintiff to show cause before October 15, 2015 why his claims against defendant Lueck should not be dismissed for failure of timely service. Docket No. 86. On October 15, 2015, plaintiff filed his response. Docket No. 91. Plaintiff's response does not offer an explanation for his failure of timely service. Rather, plaintiff's response identifies an address at which he believes defendant currently resides and asks this Court to order the sheriff to serve the complaint on the defendant at the listed address. *Id*.

> The Federal Rules of Civil Procedure state:
>
> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).[1] Plaintiff possessed a mailing address for Lueck prior to filing his response to the order to show cause and was given ample time to serve defendant Lueck, yet he failed to do so. *See* Docket No. 91; *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of [Rule 4(m) and] inadvertence or negligence alone do not constitute 'good cause' for failure of timely

---

[1] Rule 4 was amended in 1993 and Rule 4(j) was recodified as Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

service"). Although plaintiff was given an opportunity to show cause why he failed to serve defendant Lueck in the time provided, his response does not establish good cause for his failure to serve defendant Lueck.  *See Self v. Autoliv, ASP*, 61 F. App'x 583, 584 (10th Cir. 2003) ("The district court had an obligation . . . to give [plaintiff] an opportunity to show why his action should not be dismissed.").  The Court declines to afford an additional "permissive extension of time" as contemplated by Rule 4(m).  *See Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995).  Thus, the Court finds it appropriate to dismiss without prejudice plaintiff's claims against defendant Lueck.  *See* Fed. R. Civ. P. 4(m).

Wherefore, it is

**ORDERED** that plaintiff's claims against defendant Lueck are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).  It is further

**ORDERED** that this case is closed.

DATED November 2, 2015.

                                                  BY THE COURT:

                                                 s/Philip A. Brimmer
                                                 PHILIP A. BRIMMER
                                                 United States District Judge